1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

TOMMY HOYT,

    *Petitioner*,

vs.

ROBERT HILDRETH, *et al.*,

    *Respondents*.

2:03-cv-00004-RLH-LRL

ORDER

16    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court
17 following a remand order by an Appellate Commissioner of the Court of Appeals for
18 consideration of possible issuance of a certificate of appealability (COA).

19                                    ***Overview***

20    The sequence of what happened procedurally when after entry of final judgment is
21 critical in this matter, as it appears to be subject to substantial question whether there is
22 appellate jurisdiction remaining to review any order other than this Court's April 26, 2006,
23 order denying only a request for stay of judgment.  The remand order holds that petitioner's
24 April 29, 2006*,* notice of appeal was untimely to appeal the March 28, 2006, judgment.  The
25 order remands for consideration of possible issuance of a certificate of appealability as to a
26 *May 12, 2006*, order – entered *after* the notice or appeal – denying petitioner's Rule 60(b)
27 motion for rehearing.  No notice of appeal ever has been filed with respect to that May 12,
28 2006, order.

1    It thus is subject to substantial question not only as to whether the Court of Appeals

2   would have jurisdiction over an appeal from the May 12, 2006, order in the absence of a

3   timely notice of appeal seeking to appeal that order but, indeed, as to whether any appeal in

4   fact is before the Ninth Circuit with regard to the May 12, 2006, order in the absence of *any*

5   notice of appeal from that order.   The law of the case doctrine does not prevent

6   reconsideration of issues concerning appellate jurisdiction, even when the issue is decided

7   by a motions panel.  *See,e.g., United States v. Arevalo*, 408 F.3d 1233, 1237 n.2 (9th Cir.

8   2005).  Accordingly, with deference to the final authority of the Court of Appeals with regard

9   to issues concerning its own jurisdiction, this Court notes the issue of appellate jurisdiction

10  as to the May 12, 2006, order in the course of complying with the Ninth Circuit's directive to

11  consider possible issuance of a COA regarding that order.

12                                   ***Background***

13    On March 28, 2006, this Court entered final judgment dismissing the remaining

14  grounds in the petition on the merits. ## 48 & 49.

15    On April 24, 2006, petitioner, through counsel, filed a motion (#50) for rehearing and

16  a motion (#51) for leave to file an amended petition.  Within the body of the motion for

17  rehearing, petitioner stated that "[u]nless the Court does enter a temporary Order staying its

18  Judgment of Dismissal and [sic] appeal must be taken and an application to the Ninth Circuit

19  made . . . to stay the appeal and remand the case if this Court should allow the Amendment."

20  #50, at unnumbered page 5.  Neither a separate motion for a stay of judgment with apposite

21  supporting authority nor a motion for expedited hearing was filed.

22    On April 26, 2006, the Court entered an order (#53) that denied the request for a stay

23  of judgment only, without ruling on either the motion for rehearing or the motion for leave to

24  file an amended petition.  The Court discussed the motions for rehearing and for leave to

25  amend only within the context of determining whether to grant a stay of judgment.  The Court

26  noted that the request for a stay was made without supporting authority only a matter of days

27  before the expiration of appellate delays and without a realistic opportunity for briefing by

28  respondents.  The Court denied the request for a stay because: (1) on the showing made,

1  petitioner had not demonstrated a substantial possibility of success on either the Rule 60(b)

2  motion for rehearing or the motion for leave to amend; (2) petitioner had not demonstrated

3  irreparable injury if a stay of judgment were denied, as he was seeking to avoid only the

4  requirement that he take additional procedural steps to seek post-judgment relief after the

5  filing of a notice of appeal, additional procedural requirements that could have been avoided

6  altogether if petitioner instead had timely sought relief under Rule 59 and thereby interrupted

7  the running of appellate delays; and (3) while respondents would not sustain substantial injury

8  if a stay of judgment were granted, both the State and the public had an interest in a

9  resolution of this habeas matter, which had been pending for more than three years and

10  which had proceeded to a final judgment.  The Court concluded that "[g]iven that petitioner

11  has not demonstrated a substantial possibility of success on either the Rule 60(b) motion or

12  the motion for leave to amend, and further given the lack of irreparable injury if a stay is

13  denied, the Court sees little justification for overriding the interest of the State and the public

14  in the matter proceeding forward to a definitive resolution on appeal now that the matter has

15  proceeded to a final judgment." The Court accordingly ordered "that the request for a stay of

16  judgment is DENIED."  #53, at 3.

17       On April 29, 2006, petitioner filed a notice of appeal (#54).  The notice of appeal sought

18  to appeal:

19

20      . . . from the final judgement [sic] and Order, (a) Denying Petitioner's petition for the Writ of Habeas Corpus, filed on the March 28, 2006, and (b) Order

21  Denying Petitioner's Motion for Rehearing and to Amend his Petition filed on April 26, 2006, and (c)

22  that Order filed on April 19, 2004, dismissing Grounds One, Three and Five of Petitioner's

23  petition.

24  #54, at 1-2.[1]

25

26

27     [1]Petitioner's ability to appeal the April 19, 2004, interlocutory order dismissing Grounds One, Three and Five was contingent upon his filing a timely appeal from the March 28, 2006, final judgment.  The Court of Appeals has held that the appeal from the March 28, 2006, judgment was not timely because the notice of appeal was not filed within

28  thirty days of entry of judgment.  This Court accordingly focuses only upon subparagraph (b) of the notice of appeal.

1    On May 12, 2006, the Court entered an order (#56) denying both petitioner's motion

2  (#50) for rehearing and motion (#51) to amend without prejudice for lack of jurisdiction,

3  following upon the filing of the notice of appeal.  The order further directed the Clerk of Court

4  to correct an erroneous docket entry on the April 26, 2006, order "to correctly reflect that the

5  order denies only the request for a temporary stay within #50 without otherwise acting on the

6  motion." #56, at 2.

7    It thus was expressly confirmed for the record on May 12, 2006, that the April 26, 2006,

8  order, as it stated originally, denied only the request for a stay embedded within the motion

9  for rehearing.  The motion for rehearing and the motion to amend were not denied until the

10  May 12, 2006, order; and this Court's orders never have reflected otherwise.

11    Thereafter, no notice of appeal was filed seeking to appeal the May 12, 2006, order.

12  Rather the only notice of appeal filed sought, in pertinent part, to appeal the April 26, 2006,

13  order, and erroneously described that order as an "Order Denying Petitioner's Motion for

14  Rehearing and to Amend his Petition filed on April 26, 2006."

15                                      ***Discussion***

16    ***Appellate Jurisdiction over the May 12, 2006, Order***

17    Again with deference to the final authority of the Court of Appeals with regard to issues

18  concerning its own jurisdiction, this Court notes the issue of appellate jurisdiction as to the

19  May 12, 2006, order.  This issue is not governed by the doctrine of law of the case.  *See, e.g.,*

20  *United States v. Arevalo, supra.*

21    An appellant must file a timely notice of appeal from an order denying a Rule 60(b)

22  motion for reconsideration for the Court of Appeals to have appellate jurisdiction to review that

23  order.  *See,e.g.,* 11 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure: Civil 2d*

24  § 2871 (2006).  In this case, petitioner did not file a notice of appeal at any time after entry

25  of the May 12, 2006, order denying the motion for rehearing and motion to amend.  It thus

26  does not appear that an appeal of that order is before the Court of Appeals or that the

27  appellate court would have jurisdiction over any now-untimely notice of appeal filed.

28    / / / /

1     The Court further notes that the May 12, 2006, order clearly placed petitioner's counsel

2   on notice that it was the May 12, 2006, order rather than the April 26, 2006, order that denied

3   the motion for rehearing and motion to amend.  The earlier April 26, 2006, order did not state

4   otherwise.

5     The situation further does not appear to be governed by Rule 4(a)(2) of the Federal

6   Rules of Appellate Procedure (FRAP), which provides that "[a] notice of appeal filed after the

7   court announces a decision or order – but before the entry of the judgment or order – is

8   treated as filed on the date of and after the entry."  In this case, the Court announced its

9   decision on the request for a stay of judgment and entered an order denying that request in

10   the April 26, 2006, order.  It did not either announce its decision or enter an order denying the

11   motion for rehearing and motion to amend until the May 12, 2006, order.  Those motions are

12   discussed in the April 26, 2006, order solely within the context of determining whether to grant

13   the requested stay of judgment.

14     It thus would appear that petitioner's erroneous description in the notice of appeal of

15   the April 26, 2006, order as an "Order Denying Petitioner's Motion for Rehearing and to

16   Amend his Petition filed on April 26, 2006" establishes jurisdiction only to review the order

17   denying the request for a stay on that date, which was the sole decision announced and sole

18   order entered that date.

19     **Consideration of Possible Issuance of a COA as to the May 12, 2006, Order**

20     Assuming, *arguendo,* that an absence of appellate jurisdiction does not require that a

21   certificate of appealability be denied, the Court further concludes that a COA otherwise should

22   be denied on the merits with regard to the May 12, 2006, order denying the motion for

23   rehearing.

24     When the district court denies a habeas petition on procedural grounds without

25   reaching the underlying constitutional claims, the petitioner must show, in order to obtain a

26   COA: (1) that jurists of reason would find it debatable whether the petition stated a valid claim

27   of a denial of a constitutional right; and (2) that jurists of reason would find it debatable

28   whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S.

473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000).  While both showings must be made to obtain a COA, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  529 U.S. at 485, 120 S.Ct. at 1604.  Where a plain procedural bar is properly invoked, an appeal is not warranted.  529 U.S. at 484, 120 S.Ct. at 1604.

In the present case, jurists of reason would not find it debatable whether the district court was correct in its procedural ruling in the May 12, 2006, order denying the motion for rehearing.

First, it is established law that the filing of notice of appeal divests a district court of jurisdiction over Rule 60(b) motion for relief from judgment.  *See,e.g., Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004), *certiorari denied*, ___ U.S. ___, 126 S.Ct. 419, 163 L.Ed.2d 319 (2005).  The Court accordingly was required to deny the Rule 60(b) motion for lack of jurisdiction after petitioner filed a notice of appeal.

Second, even without regard to the pending appeal, to the extent that petitioner sought to add new claims and evidence after judgment through the Rule 60(b) motion, the motion constituted a successive petition that required prior leave to proceed from the Court of Appeals.  *See Gonzalez v. Crosby*, ___ U.S. ___, 125 S.Ct. 2641, 2647-48, 162 L.Ed.2d 480 (2005).  This Court thus lacked jurisdiction to entertain the motion to this extent in all events.

The Court accordingly will deny a certificate of appealability with regard to the May 12, 2006, order denying the motion for rehearing.[2]

**Consideration of Possible Issuance of a COA as to the April 26, 2006, Order**

Jurists of reason further would not find it debatable whether the district court was correct in its procedural ruling in the April 26, 2006, order denying a stay of judgment, which order would appear to be subject to review only under an abuse of discretion standard of review.

---

[2]*See also Lindauer v. Rogers*, 91 F.3d 1355 (9th Cir. 1996)(after final judgment has been entered, a motion for leave to amend the pleadings may be considered only if the judgment first is reopened under Rule 59 or 60).

1    At the outset, it would appear that any issue regarding a stay of judgment is moot.
2    The judgment that petitioner sought to stay now is final and non-appealable due to lack of a
3    timely notice of appeal.  Further, it would appear that an appeal was not taken within the
4    prescribed time period from the order denying petitioner's Rule 60(b) motion for
5    reconsideration of entry of that judgment.  The request for entry of  a stay of the judgment
6    thus would appear to be moot.

7    Further, on the merits of the request, jurists of reason would not find it debatable
8    whether the district court abused its discretion in denying the request for a stay of judgment
9    pending consideration of the Rule 60(b) motion for rehearing and motion to amend.

10    First, petitioner failed to demonstrate a substantial possibility of success on the Rule
11    60(b) motion with regard to a showing of excusable neglect for the failure to either move for
12    leave to amend or to seek other appropriate relief prior to judgment.  This Court clearly
13    notified petitioner that the Court would not consider the late-breaking claims and allegations
14    raised for the first time in the federal traverse in the absence of a timely motion for leave to
15    amend the petition accompanied by a showing that the proposed amendment would not be
16    futile given considerations of, *inter alia,* exhaustion, relation back under *Mayle v. Felix*, 125
17    S.Ct. 2562 (2005), and timeliness. #41.  The Court subsequently granted three extensions
18    of time for petitioner to seek leave to amend, so as to allow time for health problems being
19    experienced by petitioner's counsel to resolve favorably. ## 43, 45 & 47.

20    Thereafter, on the eve of the expiration of the third extension, which fell on December
21    5, 2005, petitioner's counsel left for Florida to address damage to his wife's home from a
22    hurricane that had caused the damage over a month before.  Counsel did not seek an
23    extension of time before leaving for Florida; and he experienced problems with his computers
24    back in Nevada at some point in time after he left for Florida.  For the nearly four months
25    between the expiration of the third extension and the entry of judgment, counsel never filed
26    a motion for extension of time with the Court.  While problems recovering data from his
27    computer hard drive may have impeded counsel's ability to file a motion for leave to amend,
28    these computer difficulties did not prevent him from using any computer -- such as, for

example, even an hourly computer at a office services store such as Kinko's – to file a motion for extension of time with the Court.  In short, counsel left for Florida on the eve of the expiration of the deadline to deal with personal business without seeking a further extension and, upon his return to Nevada, did not file a motion for extension of time for nearly a four month period, allowing the matter instead to proceed to judgment.  These circumstances failed to demonstrate a substantial possibility of success on the Rule 60(b) motion with regard to a showing of excusable neglect for the failure to seek appropriate relief sooner.  See also #50, at 2.

Second, petitioner failed to demonstrate a substantial possibility of success on the motion for leave to amend itself.  As noted, from the outset, a motion for leave to amend to add new claims faced considerable hurdles.  Accordingly, from the outset, the Court's order directed that petitioner demonstrate in the motion for leave that amendment would not be futile given considerations of, *inter alia,* exhaustion, relation back under *Mayle v. Felix*, 125 S.Ct. 2562 (2005), and timeliness.  The motion for leave to amend filed with the motion for rehearing completely failed to address any of these issues, despite the Court's prior order.  See also #50, at 2-3.

Third, petitioner's only claimed injury from denial of a stay was that he would have to pursue additional procedural avenues on appeal in order to seek post-judgment relief during the pendency of an appeal.  That claimed injury did not rise to the level of irreparable injury and further could have been avoided entirely if petitioner had sought post-judgment relief within the time constraints applicable to a Rule 59 motion rather than delaying until only Rule 60 relief could be sought.  See also #50, at 3.

Accordingly, given the foregoing, jurists of reason would not find it debatable whether this Court acted within its discretion in finding that petitioner had failed to demonstrate sufficient justification for staying the judgment pending resolution of the non-Rule 59 post-judgment motions and overriding the interest of the State and the public in the matter proceeding forward to a definitive resolution following entry of a final judgment.

/ / / /

1    IT THEREFORE IS ORDERED that a certificate of appealability is DENIED as to any

2  appeal from the April 26, 2006, order denying the request for a stay, any appeal from the May

3  12, 2006, order denying the motion for rehearing, and any other issues on the appeal.

4    IT FURTHER IS ORDERED that the Clerk of Court, as per the order of the Ninth

5  Circuit, shall forward to the Ninth Circuit the record with this order.

6    DATED this ___21st___ day of _____June_____, 2006.

7

8

9    _____

10   ROGER L. HUNT
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28